Scott A. **SPITLER**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 61A01–0903–CR–139.

Court of Appeals of Indiana.

July 1, 2009.

Transfer Denied Aug. 19, 2009.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Following a guilty plea, Scott Spitler was convicted of aiding escape, a Class C felony, and sentenced to eight years, with seven years to be executed at the Department of Correction ("DOC") and the remainder suspended to probation. Spitler appeals his sentence, contending that it is inappropriate in light of the nature of his offense and his character. Concluding that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

For approximately five years prior to August 2008, Spitler was a corrections officer at Rockville Correctional Facility. Sarah Pender was incarcerated at Rockville for two convictions of murder. On August 4, 2008, Spitler helped Pender escape from the prison. They had agreed that Pender would pay Spitler $15,000 for his assistance. Prior to August 4, Spitler had given Pender a cell phone and cell phone charger to facilitate planning the escape. Spitler also provided Pender with Benadryl and civilian clothes. On August 4, Pender, wearing civilian clothes, walked out of the prison gymnasium toward the area in which prison vehicles are fueled. Spitler, who was then working in the capacity of inmate transportation, was there fueling a DOC van. He told Pender to get in the van and hide under the seat. When leaving the prison, Spitler stopped at the gate and exited the vehicle to log his fuel intake with the guard. In Spitler's experience, "the guard would not come out and search the van if [I] walked to the guard-shack." Appellant's Appendix at 11. Once out of the prison gates, Spitler drove to a visitor parking lot where Pender's friend Jamie Long was waiting for her. Pender got into Long's car and was at large for more than four months before being captured in Chicago.

After an inmate count revealed that one inmate was unaccounted for, the prison was put on lockdown. Video surveillance tapes showed Pender leaving the gymnasium and walking toward the fueling area. Pender's institutional clothes were found above the ceiling tiling in the gymnasium. The guardshack log showed that only three vehicles had been in the fueling area during the relevant time, including the vehicle driven by Spitler. Spitler was questioned and admitted to his participation in Pender's escape.

Spitler was charged with aiding escape, a Class C felony, and trafficking with an inmate, a Class A misdemeanor. On January 15, 2009, Spitler entered a guilty plea pursuant to an agreement with the State wherein he pleaded guilty to escape, sentencing was left open to the trial court, and the State dismissed the trafficking charge. On February 17, 2009, the parties appeared for a sentencing hearing. Spitler introduced multiple letters written to the trial court in support of Spitler. Spitler, his sister, and several other friends and family also testified on his behalf. Spitler testified that he had arranged to live with his ex-wife and their children and to be monitored by West Central Regional Community Corrections if he was sentenced to home detention. At the conclusion of the hearing, the trial court found the following aggravating circumstances: Spitler was placed in a pre-trial diversion program in July 2008 for a misdemeanor charge of battery and violated the terms of the program by committing this offense; he was in a position of trust and responsibility with the State of Indiana to maintain inmates in prison; he had an on-going relationship with Pender prior to the escape; and he committed trafficking with an inmate. The trial court also found the following mitigating circumstances: Spitler pled guilty as charged; his criminal history is "relatively light," id. at 48; he is likely to respond affirmatively to probation or short-term imprisonment; his "character and attitude reflect that he is unlikely to commit another offense," id.; his imprisonment would create an undue hardship on his dependents; and his health and safety would be at risk with respect to treatment by other offenders. The trial court found that the aggravating circumstances "greatly outweigh" the mitigating circumstances, id., and sentenced Spitler to eight years at DOC with one year suspended to probation. Spitler now appeals.

## Discussion and Decision

### I. Standard of Review

■ This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We may "revise sentences when certain broad conditions are satisfied," *Neale v. State*, 826 N.E.2d 635, 639 (Ind.2005), and recognize the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed," *Weiss v. State*, 848 N.E.2d 1070, 1072 (Ind.2006). In determining whether a sentence is inappropriate, we examine both the nature of the offense and the character of the offender. *Payton v. State*, 818 N.E.2d 493, 498 (Ind. Ct.App.2004), *trans. denied.* When making this examination, we may look to any factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind.Ct.App. 2007), *trans. denied; cf. McMahon v. State*, 856 N.E.2d 743, 750 (Ind.Ct.App. 2006) ("[I]nappropriateness review should not be limited ... to a simple rundown of the aggravating and mitigating circumstances found by the trial court."). The burden is on the defendant to demonstrate that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

### II. Inappropriate Sentence

■ Spitler was convicted of a Class C felony offense. "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind.Code § 35–50–2–6. The trial court sentenced Spitler to the statutory maximum of eight years. *See Weaver v. State*, 845 N.E.2d 1066, 1072 n. 4 (Ind.Ct.App.2006) (explaining that a de-

fendant's total sentence includes both the executed and the suspended portion of the sentence), *trans. denied.*

With respect to the nature of Spitler's offense, Spitler was entrusted by the citizens of this state with the task of maintaining order at a penal institution. Instead, Spitler became engaged in an inappropriate relationship with an inmate, violated prison rules in providing her with contraband, and used his knowledge of the prison and its practices to help her escape. With Spitler's assistance, a woman convicted of two murders escaped years before the end of her sentence, and enormous amounts of both money and man hours were expended in apprehending her. The prison was put on lockdown for two weeks after the escape, affecting both personnel and inmates. In short, Spitler's conduct placed the community at risk due to a convicted murderer being set free, caused problems for state and federal law enforcement, and generated bad publicity for the DOC. Spitler concedes that the nature of his offense "is more egregious than a 'typical' class C felony escape because [he] was a correctional officer and used his position to help Pender escape." Appellant's Brief at 5. He argues, however, that his character renders a maximum sentence inappropriate even when weighed against the egregiousness of his offense.

As for Spitler's character, he had steady employment prior to August 4, 2008. He has strong support from his network of family and friends; in fact, his ex-wife was willing to have him live with her if the trial court ordered home detention. He expressed remorse for his crime and acknowledged that punishment was appropriate and necessary. As the trial court noted, Spitler is unlikely to reoffend. He has a minimal criminal history—an open

container violation as a juvenile and a Class B misdemeanor battery charge that was being handled in pre-trial diversion. Although his criminal history is not related in nature or gravity to the instant offense, *see Wooley v. State*, 716 N.E.2d 919, 929 n. 4 (Ind.1999), we do note that the battery occurred less than six months before the instant offense, reflecting a recent trend of poor decision-making. We also note that Spitler entered the pre-trial diversion program on July 21, 2008, at which time he was most likely already involved with Pender, if not actively planning her August 4, 2008, escape, despite agreeing as part of the program not to violate any municipal, state, or federal laws. *See* Appellant's App. at 45. Spitler took responsibility for his actions by pleading guilty, but we note that Spitler stated at his sentencing that Pender "manipulate[d] and ... use[d] me ... and I blame no one else except for Ms. Pender for the results of my actions," transcript, vol. II at 9, thereby somewhat downplaying his own culpability. Spitler also assisted law enforcement by immediately admitting his participation in Pender's escape and providing the authorities information to assist in her capture; had he not helped her escape in the first place, however, there would have been no need to apprehend her.

In other circumstances, we might say that a maximum sentence is inappropriate for a defendant with character such as Spitler's—with minimal criminal history, many positive attributes, and strong support. *See Davis v. State*, 851 N.E.2d 1264, 1268 (Ind.Ct.App.2006) (holding eight year sentence for Class C felony operating while intoxicated to be inappropriate because defendant had only one prior criminal conviction, demonstrated remorse, pleaded guilty, and made significant efforts to improve herself during the pendency of her case even though the nature and consequences of her offense were very

serious), *trans. denied.* However, the nature of his offense is so unique and egregious as to substantially outweigh the positive aspects of his character. Spitler has failed to persuade us that his eight-year sentence is inappropriate.

### Conclusion

Spitler's sentence is not inappropriate in light of the nature of his offense and his character.

Affirmed.

DARDEN, J., and BAILEY, J., concur.