**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD M. FORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1107-CR-671 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1003-FC-52

**February 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Richard M. Ford pleaded guilty to domestic battery[1] as a Class D felony and was sentenced to three years executed. He appeals, raising the following restated issue: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## FACTS AND PROCEDURAL HISTORY

On January 25, 2010, in Howard County, Indiana, Ford knowingly or intentionally touched Ashley Skoczylas in a rude, insolent, or angry manner by striking her several times in the face and caused her bodily injury. Her injuries included a large cut to her nose and swelling around her eyes. Skoczylas has two children with Ford. Ford struck Skoczylas in the presence of three children, a one-year-old, a three-month-old, and a one-month-old.

The State charged Ford with domestic battery as a Class D felony and robbery as a Class C felony. On May 10, 2011, the day of his jury trial, Ford pleaded guilty to domestic battery as a Class D felony pursuant to an open sentence plea agreement. The State dismissed the robbery charge. On June 8, 2011, the trial court sentenced Ford to an executed term of three years in the Department of Correction. Ford now appeals.

## DISCUSSION AND DECISION

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694,

---

[1] *See* Ind. Code § 35-42-2-1.3.

2

696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Ford argues that his three-year sentence is inappropriate in light of the nature of the offense and the character of the offender. He specifically contends that the nature of the offense shows that it was not the most heinous Class D felony. Ford also claims that, as to his character, he has children who are dependent upon his presence and support, he expressed remorse for his actions, and he is not "the worst of the worst." *Appellant's Br*. at 4. He therefore asserts that his maximum executed sentence is inappropriate.

As to the nature of the offense, Ford struck Skoczylas, the mother of his one-year-old and three-month-old sons, multiple times in the face. As a result of this, Skoczylas sustained a large cut on her nose, bleeding from her nostrils, and swelling around her eyes. Further, Ford committed this crime in the presence of three of his young children.

As to Ford's character, he has an extensive criminal history, which includes multiple felony and misdemeanor convictions, consisting of fifteen prior misdemeanor convictions and five prior felony convictions. The present offense represents Ford's sixth battery conviction and second felony battery conviction. Ford's criminal history also shows that he has multiple instances of non-compliance with home detention, probation,

or community service. Further, Ford was both out on bond for a pending case and on probation for another case at the time he committed the present offense. Based on the above, we conclude that Ford's three-year executed sentence is not inappropriate in light of the nature of the offense and character of the offender.

Affirmed.

BARNES, J., and BRADFORD, J., concur.