Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 13 2012, 9:18 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW JORDAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A04-1108-CR-484 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1005-FC-124

**March 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Matthew Jordan ("Jordan") pleaded guilty to four counts of forgery,[1] each as a Class C felony, and was sentenced to six years with two years suspended on each count, all to run concurrently with each other, for a total of four years executed. Jordan appeals, raising the following issue: whether his sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 14, 2010, Jordan went to a Kroger store in Huntington County, Indiana and presented a check in the amount of $288.05 from a bank account that did not exist. Later the same day, again at a Kroger store, he passed a check for $280.50 from a bank account that did not exist. A week later, on February 21, 2010, Jordan went to a Kroger store and presented a fraudulent check in the amount of $270.00 from a bank account that did not exist. He again passed a check for $270.00 from a bank account that did not exist later the same day at a Kroger store. Jordan wrote these checks to purchase Kroger gift cards, which he later exchanged for crack cocaine.

On May 5, 2010, the State charged Jordan with four counts of forgery, each as a Class C felony. On June 20, 2011, Jordan pleaded guilty to all four counts. On July 25, 2011, a sentencing hearing was held, and the trial court sentenced Jordan to six years with two years suspended on each count, with all four sentences to run concurrently with each other. He was also ordered to pay $1,108.55 in restitution. The trial court found Jordan's prior criminal history, which included three prior crimes involving fraud, and

---

[1] *See* Ind. Code § 35-43-5-2.

the fact that he was on probation at the time the current offenses occurred as aggravating factors. It found Jordan's guilty plea as the sole mitigating factor. The trial court also ordered Jordan's sentence in the present case to run concurrently with the sentences for two other pending cause numbers from Allen County. Jordan now appeals.

## DISCUSSION AND DECISION

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id.*

Jordan argues his four-year executed sentence is inappropriate in light of the nature of the offense and his character. He contends that his sentence should be revised based on the facts that he accepted responsibility for his actions by pleading guilty and that, prior to 2008, he had no criminal history except for a battery from 1992. Jordan also asserts that his sentence should be reduced because the present crimes were committed as part of a scheme to obtain drugs and that, at the time of sentencing, he claimed to be enrolled in a rehabilitation program.

The nature of the offense is that Jordan knowingly passed fraudulent checks on four separate occasions in Huntington County. On February 14, 2010, he twice went to Kroger stores and presented checks, each for approximately $280.00, from bank accounts he knew did not exist. One week later, on February 21, 2010, he again twice visited Kroger stores and presented checks each in the amount of $270.00 from bank accounts that did not exist. During this same time frame, Jordan also committed two counts of check fraud in Allen County, of which the extent of damage is unknown. Jordan passed these fraudulent checks in order to obtain gift cards, which he later exchanged for crack cocaine. Further, although Jordan had written bad checks in the past, they were relatively small, and these checks that he presented while committing the current offenses, demonstrated a large jump in the amount written.

As to Jordan's character, the evidence showed that he had a criminal history that consisted of a battery conviction from Georgia in 1992, a conviction for attempted check fraud as a Class D felony in 2008, and two convictions for check fraud, each as a Class D felony in 2010. At the time he committed the present offenses, Jordan was on probation for the 2008 conviction. In fact, while he was on probation for the 2008 conviction he committed six new offenses, including the current ones. This demonstrated a disregard to conform to the strictures of the law when given the benefit of a suspended sentence. We therefore conclude that Jordan's aggregate four-year executed sentence was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BARNES, J., and BRADFORD, J., concur.