Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JILL M. DENMAN**
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON F. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Mar 20 2012, 9:28 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JONATHAN R. STEPHENS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A05-1108-CR-446 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-1103-FD-218

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jonathan R. Stephens ("Stephens") pleaded guilty to theft[1] as a Class D felony and was sentenced to three years with one year suspended to probation for a total of two years executed. Stephens appeals, raising the following issue: whether his sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of February 25, 2011, Stephens was in Blooey's bar in Wabash, Indiana. At approximately two in the morning, Stephens noticed a laptop computer sitting by the bar, and he "placed it underneath [his] jacket and walked out." *Tr*. at 28. The laptop belonged to the owner of Blooey's. After discovering that his computer was missing, the owner reviewed the surveillance tapes, which showed a man, later identified as Stephens, twice use the ATM in the bar and then take the laptop. Due to Stephens's theft, the victim was left without access to his laptop for approximately five months, and Stephens erased the memory on the computer and changed its operating system. The victim used the laptop to run his business and, even after it was returned, he could not use his backup external hard drive since Stephens reformatted the computer.

The State charged Stephens with theft as a Class D felony. During sentencing, the trial court found that Stephens's criminal history and repeated unsuccessful attempts at probation were aggravating factors and that his guilty plea was the sole mitigating factor. Finding that the aggravating factors outweighed the mitigating factors, the trial court

---

[1] *See* Ind. Code § 35-43-4-2(a).

2

sentenced Stephens to three years with one year suspended to probation for a total of two years executed in the Department of Correction. Stephens now appeals.

## DISCUSSION AND DECISION

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Stephens argues that his sentence was inappropriate in light of the nature of the offense and the character of the offender. He contends that his sentence should be revised based on the facts that he was not the worst offender and that this was not the most heinous offense. Stephens claims that this was not a particularly heinous theft as there was no illegal entry, no threat of violence, and the laptop was returned to the owner. He further asserts that, while he had a criminal history, his offenses were primarily drug and alcohol related, and he has agreed to stop consuming drugs.

The nature of the offense is that Stephens stole a laptop computer belonging to the owner of Blooey's bar. Because of this theft, the victim was without the laptop, which he

used in order to run his business, for approximately five months. After he stole the computer, Stephens erased the laptop's memory and reformatted the computer with a new operating system. In doing this, he rendered the victim's backup hard drive unusable upon its return. The victim estimated that it would take 120 hours of labor to restore the computer, including manually creating two years' worth of business records and inventories, restoring the original operating system, and reinstalling software. Stephens's actions after stealing the laptop created a significant burden for the victim.

As to Stephens's character, the evidence showed that, since the age of fifteen, he has almost continuously engaged in criminal acts. As a juvenile, Stephens was adjudicated delinquent for committing theft. He was charged with four felonies and twelve misdemeanors, which resulted in two felony convictions and six misdemeanor convictions. Further, Stephens's criminal history shows that, when placed on probation as a juvenile, he twice violated the terms of such probation, and as an adult, he violated his probation four times. We therefore conclude that Stephens's three-year sentence with one year suspended to probation was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BARNES, J., and BRADFORD, J., concur.

4