Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JEFFREY G. RAFF**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 17 2012, 9:27 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN F. FYOCK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1109-CR-00421 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1010-FB-184

**May 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John F. Fyock was convicted of four counts of dealing in a schedule I, II or III controlled substance,[1] each as a Class B Felony. He was sentenced to twenty years each for Counts I, II, and IV and ten years for Count III with all sentences to run concurrently. He appeals and raises the following restated issues:

     I.     Whether the evidence was insufficient to support his conviction.

     II.     Whether the sentence was inappropriate in light of the nature of his offenses and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Douglas Holliday ("Holliday") was a confidential informant making drug purchases for the Fort Wayne Police Department ("FWPD"). Holliday knew Fyock and had previously purchased narcotics from him. On September 17, 2010, the FWPD arranged a controlled buy of narcotics between Holliday and Fyock. That day, Fyock sold heroin and methadone to Holliday for $75. On September 23, 2010, the FWPD arranged another controlled buy between Holliday and Fyock. Fyock sold heroin and methadone to Holliday for $100.

The State charged Fyock with four counts of dealing in a schedule I, II, or III controlled substance. Holliday testified regarding the drug transactions, and the jury found Fyock guilty of all counts. At Fyock's sentencing hearing, the trial court found that Fyock sold Holliday the narcotics while he was on parole and that Fyock's criminal history contained seven prior misdemeanor convictions, thirteen prior felony convictions, one

---

[1] *See* Ind. Code § 35-48-4-2.

2

revocation of misdemeanor probation, one revocation of felony probation, and three parole violations. No mitigating factors were found. The trial court sentenced Fyock to the maximum of twenty years each for Counts I, II, and IV, and to ten years for Count III and ordered that the sentences be served concurrently, for an aggregate sentence of twenty years. Fyock now appeals.

## DISCUSSION AND DECISION

### I. Evidence Supporting Convictions

When reviewing a claim of sufficiency of the evidence, "we do not reweigh the evidence or judge the credibility of the witnesses." *Hundley v. State*, 951 N.E.2d 575, 579 (Ind. Ct. App. 2011). We consider only whether "the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted).

Fyock claims that the evidence is insufficient to support his convictions because Holliday was not a credible witness. Holliday was a drug user and had much to gain as a confidential informant for the FWPD.

Fyock's argument asks this court to reweigh the evidence and the credibility of Holliday, which we cannot do. *Hundley*, 951 N.E.2d at 579. It is the function of the jury to "resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses." *Maxwell v. State*, 731 N.E.2d 459, 462 (Ind. Ct. App. 2000). The jury may believe or disbelieve witnesses as it sees fit. *Mishler v. State*, 894 N.E.2d 1095, 1102

3

(Ind. Ct. App. 2008). Holliday testified at trial regarding the drug transactions. The jury determined beyond a reasonable doubt from the evidence presented to them at trial that Fyock committed the crimes with which he was charged. We will not disturb the jury's decision.

## II. Sentencing

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Fyock argues that the nature of the offense does not justify the maximum sentence of twenty years for three of his four convictions because Holliday and Fyock were both drug users and the transactions between them involved a small sum of money. Fyock's arguments provide unpersuasive mitigating factors for revising his sentence in light of the nature of the offense. Fyock engaged in the sale of heroin and methadone for profit and did so while he was on parole. Additionally, Fyock has conceded that his criminal history precludes a

sentence revision based on the character of the offender. *Appellant's Br.* at 7. Fyock's seven prior misdemeanor convictions and thirteen prior felony convictions, among many other infractions, weigh heavily against revision of his sentence. Fyock has not met his burden, and we therefore conclude that his sentence was not inappropriate in light of the nature of the offense and character of the offender.

Affirmed.

BAKER, J., and BROWN, J., concur.