Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 29 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN R. VICARS,                              )
                                             )
    Appellant-Defendant,             )
                                             )
      vs.                        )    No. 84A01-1109-CR-403
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.              )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael Rader, Judge
Cause No. 84D05-1101-FB-301

**May 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John R. Vicars ("Vicars") pleaded guilty to dealing in methamphetamine[1] as a Class B felony and was given a fourteen-year sentence with eight years executed and six years suspended to probation. The trial court ordered that Vicars serve four years of his executed sentence in the community corrections work release program and the remaining four years on home detention. Vicars appeals, contending that his sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 19, 2011, police officers responded to a report regarding the manufacture of methamphetamine at a residence in Vigo County. As the officers approached the residence, they smelled the odor of ether and anhydrous ammonia. The officers knocked, and when Vicars opened the front door, they could smell the odor of anhydrous ammonia coming from the inside of the residence. Vicars let the officers inside the house and took them to a back bedroom, where Sam Koester ("Koester"), the owner of the residence, was asleep on the bed and in close proximity to a propane torch and a glass smoking pipe. The officers awakened Koester, advised him they could smell a very strong odor of anhydrous ammonia inside the house, and asked him if it was coming from the garage. Koester responded that he did not know and gave the officers consent to look inside the garage. The officers took Vicars and Koester into custody and contacted the Drug Task Force.

The officers discovered several items inside the garage that were consistent with

---

[1] *See* Ind. Code § 35-48-4-1.1.

2

the manufacture of methamphetamine, including, a propane tank, salt, five empty Coleman fuel cans, a container of drain cleaner that contained sulfuric acid, coffee filters, several plastic containers containing a clear liquid that field-tested positive for methamphetamine, a strainer and a spoon with white, powdery residue that field-tested positive for pseudoephedrine, lithium strips, four HCl generators, and a lithium battery. The police also found a gray gym bag in the garage that contained several lengths of clear tubing, several items with a white, powdery residue that field-tested positive for pseudoephedrine, and brass fittings. In the living room, the police found a red gym bag with five empty hypodermic needles, an electric stun device, a handgun, a spoon with burn marks and white residue that field-tested positive for methamphetamine, lithium batteries, pliers, digital scales, and a small glass vial containing a clear fluid that field-tested positive for methamphetamine. In the bedroom, the officers found the glass pipe and torch, two long pieces of aluminum foil known as boats that are commonly used to inhale methamphetamine, indicia of occupancy for Koester, and multiple clear plastic bags with the corners cut away. In the kitchen, the police found an open box of plastic bags, two foil boats with burn marks, and one Dora the Explorer plate with a razor blade and a white, powdery residue that field-tested positive for methamphetamine.

The State charged Vicars with dealing in methamphetamine as a Class B felony, illegal possession of anhydrous ammonia or ammonia solution as a Class D felony, possession of chemical reagents or precursors with intent to manufacture a controlled substance as a Class D felony, and possession of methamphetamine as a Class D felony. On June 16, 2011, Vicars pleaded guilty to Class B felony dealing in methamphetamine

3

pursuant to a plea agreement that provided for a fourteen-year sentence and capped the executed portion of the sentence at eight years. In exchange, the State dismissed the remaining three charges against Vicars. At sentencing, the trial court identified several aggravating factors, including Vicars's extensive criminal history, his juvenile history, and the fact that he was on parole at the time he committed the instant offense. The trial court found Vicars's guilty plea, the fact that he showed remorse, and that he expressed the desire to obtain treatment for substance abuse as mitigating factors. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Vicars to fourteen years with eight years executed and six years suspended to probation. The trial court ordered Vicars to serve four years of his executed sentence as a direct commitment in the work release program and the remaining four years as a direct commitment on home detention. The trial court then stayed the execution of Vicars's sentence pending the resolution of the matters before the Indiana Department of Correction ("DOC") and the parole board. Vicars now appeals.

## DISCUSSION AND DECISION

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v.*

4

*State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Vicars argues that his sentence was inappropriate in light of the nature of the offense and the character of the offender. Regarding the nature of the offense, he contends that when he was arrested at his friend's house where methamphetamine was being made, he was not found in actual possession of any of the items; instead, the items were all found in his friend's garage while Vicars was visiting. As to his character, Vicars claims that he has alcohol and drug addiction, which began when he was a teenager and his parents died, and that he asked for help from the trial court with these addictions. He also acknowledges that he has had serious legal issues, but asserts that he has always accepted responsibility for his actions. Vicars therefore argues that the executed portion of his sentence should be reduced. We disagree.

The nature of the offense shows that, when Vicars was arrested, the police found numerous items associated with the manufacture of methamphetamine both inside the residence and in the garage. These items strongly suggested that Vicars and Koester were manufacturing methamphetamine for more than just their personal use. Although he claims he was merely arrested at a friend's house where methamphetamine was being made, when pleading guilty, Vicars admitted that he knowingly manufactured methamphetamine.

As to Vicars's character, the evidence showed that Vicars had an extensive criminal history, which began when he was seventeen with a juvenile adjudication for

breaking and entering. His adult history spanned thirty years and included seven felony convictions, which included burglary as a Class C felony, robbery as a Class B felony, theft as a Class D felony, dealing in cocaine as a Class A felony, possession of paraphernalia as a Class D felony, theft as a Class D felony, and conspiracy to commit dealing in methamphetamine as a Class B felony. Vicars also had five misdemeanor convictions that included one conviction for possession of a handgun without a license as a Class A misdemeanor, one conviction for battery as a Class A misdemeanor, and three convictions for driving while suspended, each as a Class A misdemeanor. Additionally, Vicars was on parole for the crime of conspiracy to commit dealing in methamphetamine when he committed the instant offense.

Vicars chose to enter into a plea agreement that capped the executed portion of his sentence at eight years and provided for a total sentence of fourteen years. Further, the trial court ordered Vicars to serve his executed sentence on work release and home detention instead of the DOC. We conclude that Vicars's sentence was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J., and BROWN, J., concur.

6