**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

EDDIE R. SMITH, JR.,                    )
                                        )
        Appellant-Defendant,            )
                                        )
        vs.                             )       No. 34A04-1112-CR-658
                                        )
STATE OF INDIANA,                       )
                                        )
        Appellee-Plaintiff.             )

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1107-FC-116

**June 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Eddie R. Smith, Jr. ("Smith") appeals from his sentence after pleading guilty to one count of failure to register as a sex offender[1] as a Class D felony. The issue presented for our review is whether Smith's sentence of three years executed is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1996, Smith pleaded guilty to one count of child molesting as a Class C felony. As a result of this conviction, Smith was required to annually register as a sex offender and report changes in his residence within three days. On July 11, 2011, Smith was residing in Kokomo, Indiana, but had not registered there as a sex offender. An officer with the Kokomo Police Department responded to a trespassing complaint and transported Smith to a rescue mission because Smith told the officer that he had been living in Kokomo for six months without a permanent place to stay. After leaving Smith at the mission, the officer discovered that Smith was an unregistered sex offender. When the officer returned to the rescue mission, Smith had already left.

On July 13, a Kokomo resident called the police to report an "unwelcome guest." *Appellant's App.* at 18. An officer responded and took Smith into custody. Smith was charged with one count of failure to register as a sex offender as a Class C felony. After negotiating a plea agreement with the State, Smith pleaded guilty to the lesser-included offense of failure to register as a sex offender as a Class D felony. The trial court accepted

---

[1] *See* Ind. Code §11-8-8-17.

Smith's plea and sentenced him to a term of three years executed. Smith now appeals.

**DISCUSSION AND DECISION**

Smith challenges the appropriateness of his three-year executed sentence. The sentencing range for a Class D felony is a fixed term of between six months and three years with the advisory sentence being one and one-half years. Ind. Code §35-50-2-7. "This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied.* "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

When sentencing Smith, the trial court noted Smith's guilty plea as a mitigating factor, but noted that Smith benefitted from the plea because he was allowed to plead guilty to a lesser-included offense. The trial court found as aggravating factors Smith's criminal history and prior failed attempts at rehabilitation. The trial court also stated the belief that there was a high risk that Smith would reoffend.

Regarding the nature of the offense, Smith argues that this particular Class D felony offense is not among the most heinous of Class D felonies, and that imposition of the maximum sentence for such felony was not warranted. He points to his homelessness in an effort to convince us to impose a lesser sentence.

We observe that Smith had failed to register as a sex offender in Kokomo although he had lived there for six months. One of the primary objectives of the sex offender registry is to protect the public from the risk of recidivism by sex offenders. *Jensen v. State*, 905 N.E.2d 384, 393 (Ind. 2009). Although Smith informed authorities in Fort Wayne that he was leaving the area, Smith failed to inform the authorities in Kokomo that he was living there, thus thwarting the objectives of the reporting requirement. Furthermore, even though he had no permanent housing, Indiana Code section 11-8-8-12 requires those offenders who lack permanent housing to report the address of temporary housing when registering with local law enforcement in the new county. Smith's sentence is appropriate in light of the nature of the offense.

Regarding the character of the offender, Smith argues that we should consider his disability, his bi-polar disorder and moderate drug dependency to revise his sentence downward. We observe, however, that Smith was first charged with failing to register in 2006, but that charge was ultimately dismissed. Smith pleaded guilty to failing to register in Allen County in 2010. Smith also faces pending charges for failing to register in Allen County. Smith failed to report to Allen County for his annual registration and photograph. Thus, Smith has a history of failing to lead a law abiding life. In addition, he has violated the

4

terms of his probation and in-home detention.  We cannot say that Smith's sentence is inappropriate in light of his character.

Based on the above, we conclude that Smith has failed to carry his burden of establishing that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J., and BROWN, J., concur.