**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 11 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN T. LAKES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.    15A01-1204-CR-186 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1109-FD-402

**December 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Steven T. Lakes appeals the sentence imposed following his plea of guilty to operating a vehicle while intoxicated ("OWI") with a passenger less than eighteen years of age[1] as a Class D felony, operating a vehicle as an habitual traffic violator ("HTV"),[2] a Class D felony, and being an habitual substance offender.[3] On appeal, Lakes raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 1, 2011, the State charged Lakes with operating a vehicle with a blood alcohol content ("BAC") of 0.08 or higher as a Class C misdemeanor, OWI endangering a person as a Class A misdemeanor, OWI with a passenger less than eighteen years of age as a Class D felony, and operating a vehicle as an HTV as a Class D felony. The State also filed an information alleging Lakes was an habitual substance offender. On March 29, 2012, Lakes entered a plea of guilty to the two Class D felonies—OWI with a passenger less than eighteen and operating a vehicle as an HTV. Lakes also admitted that he was an habitual substance offender. In exchange for the plea, the trial court dismissed the two misdemeanor counts.

Lakes was sentenced to a three-year sentence for each of his Class D felony convictions for OWI and operating a vehicle as an HTV, which were ordered to be served

---

[1] *See* Ind. Code § 9-30-5-3(a)(2).

[2] *See* Ind. Code § 9-30-10-16.

[3] *See* Ind. Code § 35-50-2-10(b).

2

concurrently. The trial court granted Lakes 422 days of credit time and ordered him to serve the remaining 673 days on probation. The trial court then enhanced Lakes's sentence by three years for the habitual substance offender enhancement, which caused Lakes's executed sentence to be three years. Lakes now appeals. Additional facts will be added where necessary.

**DISCUSSION AND DECISION**

Lakes contends that his sentence is inappropriate. "This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Lakes argues that his sentence was inappropriate in light of the nature of the offense and the character of the offender. As to the nature of the offense, Lakes admits that "he drank beer and drove on a suspended license with a fifteen-year-old in the car." *Appellant's Br*. at 6-7. This activity, however, came about because "[s]ince he was a child, Lakes was taught drinking and partying were a normal, even commendable, part of

3

life." *Id*. at 7. Lakes shares these details to explain that he did not maliciously set out to hurt anyone, "he just did on this day what had unfortunately been normal for him." *Id*. Regardless of how normal this activity seemed to Lakes, he has been convicted of similar crimes numerous times in the past and knew his actions were illegal. On the day in question, Lakes committed several criminal acts simultaneously that endangered him, the fifteen-year-old son of his fiancée, and everyone else travelling on the roads on which he drove. Lakes drove while his license was suspended for operating a vehicle as an HTV, and he drove with a BAC of 0.12—an amount well over the legal limit. *Tr*. at 6. Furthermore, while committing these crimes, Lakes had his fiancée's fifteen-year-old son in his vehicle as a passenger, *id*. at 5, and, when stopped, he had an open, half-empty, forty-ounce container of beer in his car. *Id*. at 19.

Lakes contends that the most compelling reason for a sentence reduction is his character. He asserts that he has remained accountable and willing to accept the consequences for his illegal behavior, as is shown by his guilty plea. Lakes maintains that, at the time of his sentencing, he had been participating in an intensive home detention program for about six months. Additionally, he had submitted to and passed weekly drug/alcohol screenings and met regularly with a counselor. While we commend Lakes for his efforts to confront his alcohol issues, and urge him to continue on this path, we cannot ignore Lakes's criminal history. At the time of sentencing, Lakes had an extensive criminal history, including twenty-eight convictions, two juvenile adjudications, and five probation violations. *Appellant's Br*. at 58-63. The trial court noted, "This is the fifth DUI conviction." *Tr*. at 51.

The trial court imposed two, concurrent, three-year sentences in connection with Lakes's convictions for OWI and for operating a vehicle as an HTV. Of that time, Lakes was given credit for time served and ordered to serve the remaining 673 days on probation. The trial court also imposed a three-year sentence on its finding that Lakes was an habitual substance offender; this was the minimum sentence available to the trial court on this count. Ind. Code § 35-50-2-10(f). We cannot say that a three-year executed sentence was inappropriate in light of the nature of the offense and Lakes's character.

Affirmed.

NAJAM, J., and MAY, J., concur.