## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 6:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason M. Rich,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 31, 2017<br><br>Court of Appeals Case No.<br>02A05-1702-CR-361<br><br>Appeal from the<br>Allen Superior Court<br><br>The Honorable<br>Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D06-1606-F6-647 |

**Kirsch, Judge.**

[1] Following his guilty plea to Theft as a Level 6 felony and the revocation of his placement in a drug treatment program, Jason M. Rich was sentenced to two-

years at the Indiana Department of Corrections. Contending that the trial court abused its discretion and that the sentence is inappropriate in light of the nature of the offense and his character, Rich now appeals.

[2] We affirm.

## Facts and Procedural History

[3] On May 28, 2016, a Loss Prevention Officer at Kroger observed Rich stealing various items. Rich was also captured on surveillance footage stealing the items. The Officer followed Rich leaving the store and stopped him. Rich admitted that he stole the items. The State charged Rich with Level 6 felony theft, and he pleaded guilty as charged. The trial court took the plea under advisement and placed Rich in the Drug Court Diversion Program.

[4] Rich violated the terms and conditions of drug court by failing to report for a random urine screen, failing to reside in emergency housing at Rescue Mission, and failing to follow through with moving into Road to Recovery. A verified petition and an amended petition to terminate drug court participation were filed alleging that Rich failed to appear at a court hearing and had pleaded guilty to a new criminal offense. Rich admitted the violations.

[5] After a sentencing hearing, the trial court sentenced Rich to two years executed. The trial court found as mitigating factors that he pleaded guilty, accepted responsibility, and expressed remorse. The court found as aggravating factors that Rich's criminal record including repeated failed efforts at rehabilitation and that he was on bond and on probation at the time of the offense.

# Discussion and Decision

[6] This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)) *trans. denied.* The defendant bears the burden of persuading us that his sentence is inappropriate. *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009).

[7] Rich first contends that the trial court erred by failing to identify the weight it assigned to the mitigating factors. This argument is without merit. The weight of any factor, whether aggravating or mitigating, is not subject to review by this Court. *See Anglemyer v. State*, 868 N.E.2d 482, 490-91 (a court cannot abuse its discretion in the weight that it gives to proffered factors, which is not subject to appellate review). The trial court did not abuse its discretion in failing to identify the weight it assigned to the mitigating factors it found.

[8] Rich also argues that his sentence is inappropriate. Although Ind. App, R. 7(B) "does not require us to be extremely deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State, 909 N.E.2d 1058, 1062-63* (Ind. Ct. App. 2009). We understand and recognize the unique perspective a trial court brings to its sentencing decisions, and the defendant bears the burden of persuading this court that his sentence is inappropriate. *Id.*

Rich's criminal history began in 1991 with three juvenile adjudications. As an adult, he has seven misdemeanor and three felony convictions. Rich's juvenile adjudications included consumption by a minor, public intoxication, and battery. His misdemeanor convictions include reckless driving, operating a vehicle while intoxicated, possession of a synthetic drug or synthetic drug look-a-like substance, possession of a device or substance used to interfere with a drug or alcohol screening test, and two criminal conversion convictions. His felony convictions include aggravated robbery and two forgeries.

He has undergone a wide range of sentencing including short jail sentences, longer jail sentences, incarceration in the Department of Correction, unsupervised probation, active probation, and home detention. He has had numerous different types of treatment including Indiana Boys School, the Alcohol Countermeasures Programs, and drug court.

Rich has a history of offenses involving the unlawful taking of property, and his criminal history involves several cases of deceit. He has also demonstrated an inability to comply with sentences and pretrial release conditions. Indeed, he was on bond and on probation when he committed the instant offense. While participating in the Drug Court Diversion Program, he committed another new offense of criminal conversion similar to the offense for which he had pleaded guilty and was in the drug court program. Further, he violated the Drug Court Program by failing to appear for court, failing to appear for three drug screens, failing three drug screens, failing to report to the Rescue Mission for emergency

housing, and failing to follow through with the Road to Recovery. In addition, Rich has previously had two suspended sentences revoked.

[12] Rich has not persuaded us that his two-year sentence is inappropriate in light of the nature of his offenses or his character, and we affirm the trial court's sentence.

Affirmed.

Mathias, J., and Altice, J., concur.