**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**WILLAM A. GRAY**
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 08 2012, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LESLIE E. FOREMAN, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A04-1108-CR-467 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan L. Orth, Judge
Cause No. 22D01-1104-FD-720

February 8, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Leslie E. Foreman pleaded guilty to child solicitation as a Class D felony and indecent exposure as a Class A misdemeanor. The trial court sentenced him to three years executed for child solicitation, consecutive to one year of supervised probation for indecent exposure. He raises two issues, which we restate as whether the trial court abused its discretion in finding that Foreman was in a position having the care, custody, or control of the victim; and whether his sentence is inappropriate. Concluding that the trial court did not abuse its discretion and his sentence is not inappropriate, we affirm.

## Facts and Procedural History

In March 2011, an Indiana mother and father discovered their seven-year-old daughter's sexually inappropriate drawings. Their daughter explained her drawings by describing what "Papa Wolf" showed her. In an interview with police, the child identified "Papa Wolf" as Foreman and told police that while visiting with Foreman, who was a grandfather figure to the child, he showed her his penis, showed her a pornographic magazine and movie, and masturbated in front of her. Appellant's Addendum to App. at 13. The child also reported that Foreman touched her vaginal area over her clothing.

Foreman admitted to these actions and pleaded guilty to one count of child solicitation as a Class D felony and one count of indecent exposure as a Class A misdemeanor. At the close of the sentencing hearing, the trial court stated, in pertinent part:

> I also, uh, find to be an aggravating factor subsection (A)(4)(8) [of Indiana Code section 35-38-1-7.1], that the Defendant in this case was in a position of having the care, custody and control of [the child]. Uh, that he was in the role of the grandfather figure. That the mother had testified here today that she trusted him with her life and more. Uh, and she did do that, she

2

trusted her [sic] with her own daughter's life and her daughter's well being. Uh, and Mr. Foreman, I find that you took advantage of this trust relationship to the detriment of a seven year old child. So I find that, uh, trust position to also be an aggravating factor here today.

Transcript at 22.

The trial court also considered the child-victim's tender age to be an aggravating factor, and found the following as mitigating factors: lack of criminal history, poor health, admission of guilt, and a substantially law-abiding life. The trial court sentenced Foreman to three years executed for child solicitation, consecutive to one year of supervised probation for indecent exposure. Foreman now appeals his sentence.

Discussion and Decision

I. Abuse of Discretion

A trial court may abuse its discretion by failing to enter a sentencing statement, entering findings of aggravating and mitigating factors unsupported by the record, omitting factors clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. Anglemyer v. State, 868 N.E.2d 482, 490-91 (Ind. 2007), clarified on reh'g. 875 N.E.2d 218 (2007). "When one or more aggravating circumstances cited by the trial court are invalid, the court on appeal must decide whether the remaining circumstance or circumstances are sufficient to support the sentence imposed." Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005). If we cannot say with confidence that the trial court would have imposed the same sentence without considering the improper aggravating circumstance or circumstances, remand for resentencing may be the appropriate remedy. Anglemyer, 868 N.E.2d at 491.

3

Foreman argues the trial court abused its discretion in relying on Foreman's position having care, custody, and control of the child as an aggravating circumstance. In support of this argument, Foreman refers us to the child's mother's statements that she did not give permission for the child to stay alone with Foreman and that – so far as the mother was aware – another adult was always present when the child was around Foreman.

A defendant's commission of an offense while he or she "was in a position having care, custody, or control of the victim of the offense" is a valid aggravating circumstance. Ind. Code § 35-38-1-7.1(a)(8). For this aggravating circumstance to apply, the statute does not require a parent or guardian to give explicit consent for the defendant to be in a position having care, custody, or control of the victim at the time the offense was committed. Here, the child's mother turned the child over to another adult for the night, with knowledge that Foreman might be present and have contact with the child. Apparently this had occurred before with the mother's consent. On the date of the offenses the child's mother expected Foreman to continue teaching the child about the Native American community as he has done in the past. According to the mother, Foreman and the child have also eaten dinner together, watched movies together, and "spen[t] time together." Tr. at 10. The mother testified that she knew Foreman had contact with her child and that she trusted him with respect to her child. Id. This evidence in the record supports the trial court's finding of Foreman's position having care, custody, or control of the child as an aggravating factor.

Although the child's mother did not expressly consent for the child to stay that dreadful night with Foreman alone, she did turn her child over to another adult, who then

turned the child over to Foreman. In other words, whether the child's mother was aware or not, Foreman was placed in a position having care, custody, and control of the child.

Further, Foreman's position of trust as an aggravating factor is not put into question by the cases to which he refers us. Foreman first refers us to Tyler v. State, 903 N.E.2d 463 (Ind. 2009). In Tyler, our supreme court addressed this issue in the context of determining whether the sentence was inappropriate – so its analysis is inapposite to our discussion here. In addition to addressing a different legal issue, the facts of Tyler are notably distinguishable. The supreme court concluded that the defendant was not in a position of trust where the defendant did not seek opportunities to supervise the children he molested or to establish a position of trust or confidence with them. Id. at 469. By contrast, here the record reveals Foreman's regular contact with the child victim, and unlike the defendant in Tyler, the record shows that Foreman did seek to establish a position of trust with the child and her mother before he committed these offenses. Foreman also refers us to Phelps v. State, 914 N.E.2d 283 (Ind. Ct. App. 2009), in which we agreed with the State, which conceded on appeal that the defendant was not in a position of control over the children he molested. Foreman's offenses do not at all resemble the conduct of the defendant in Phelps, who assented to the explicit requests of three teenage boys to show them a pornographic movie and to join them in masturbating.

In any event, we may uphold a sentence where a single aggravating factor supports it, so long as we can say with confidence that the trial court would have imposed the same sentence without considering invalid aggravators. Anglemyer, 868 N.E.2d at 491. Here the trial court validly identified the victim's tender age as an aggravating circumstance for both counts. "[E]xtreme youth" can support an enhanced sentence even

where the age of the victim is an element of the offense. <u>Brown v. State</u>, 760 N.E.2d 243, 246 (Ind. Ct. App. 2002), <u>trans. denied</u>. Child solicitation as a Class D felony involves a victim under fourteen years of age. Here, Foreman's victim was only seven. "[I]n some instances the 'tender age' of a victim in a child molesting case may be considered an aggravating factor as a particularized circumstance of the crime." <u>Edrington v. State</u>, 909 N.E.2d 1093, 1097 (Ind. Ct. App. 2009) (citations omitted), <u>trans. denied</u>.

As to indecent exposure, the age of the ill-fated viewers of one's indecent exposure is not an element of the offense. <u>See</u> Ind. Code § 35-45-4-1. Reprehensible as the offense is, it strikes us as especially so when committed before a seven-year-old child. Based on our review of the record, we can say with confidence that the trial court would have imposed the same sentence even if it did not consider Foreman's position of trust.

The trial court did not abuse its discretion in sentencing Foreman.

## II. Inappropriate Sentence

This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We may "revise sentences when certain broad conditions are satisfied," <u>Neale v. State</u>, 826 N.E.2d 635, 639 (Ind. 2005), and we recognize the advisory sentence "is the starting point the legislature has selected as an appropriate sentence for the crime committed." <u>Weiss v. State</u>, 848 N.E.2d 1070, 1072 (Ind. 2006). When examining the nature of the offense and the character of the offender, we may look to any factors appearing in the record. <u>Spitler v. State</u>, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), <u>trans. denied</u>. The burden is on the

defendant to demonstrate that his sentence is inappropriate. <u>Childress v. State</u>, 848 N.E.2d 1073, 1080 (Ind. 2006).

Foreman was sentenced to three years executed for child solicitation as a Class D felony consecutive to one year of supervised probation for indecent exposure as a Class A misdemeanor. The sentencing range for a Class D felony is six months to three years, and the advisory sentence is one and one-half years. Ind. Code § 35-50-2-7. The sentence for a Class A misdemeanor shall not exceed one year. Ind. Code § 35-50-3-2.

As to the nature of the offense, we are drawn to several factual details. First, and again, the child's extreme youth. That the child later drew inappropriate pictures stemming from Foreman's conduct demonstrates the strength of the impact of his deplorable conduct. We recognize that Foreman admitted guilt and pleaded guilty. However, we consider more heavily that Foreman's conduct has seriously affected the child. Following Foreman's unlawful conduct the child began to have outbursts and trouble in school, she did not feel safe, she would spontaneously vomit, she would not sleep well at night, she began wetting her bed, she is too uncomfortable to be medically examined by male physicians, and at the time of trial she was undergoing counseling. Prior to these offenses both the child and her mother considered Foreman to be a grandfather figure to the child. <u>See</u> Tr. at 6-7. Considering this impact, likely at least in part due to Foreman's pseudo-familial relationship with the child, we conclude that the nature of the offense does not make a sentence of three-years executed and one year of probation inappropriate.

As to Foreman's character, we begin by acknowledging, as the trial court did, that he lived a substantially law-abiding life, that he largely lacks a criminal history, and that

he is in poor health. In the context of this case, it is notable that when describing his own background in preparation of the Pre-Sentencing Investigation report, Foreman admitted that he had a pending check deception case and an outstanding warrant. His knowledge of an outstanding warrant without turning himself in and the check deception charge are consistent with his conduct in this case, in which he breached the trust of the child, her mother, and the other adult to whom the child's mother entrusted the child. While we sympathize with Foreman's poor physical health, our review of sentences for inappropriateness is an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). For this reason, we conclude that his sentence is not inappropriate in light of the nature of his offenses and character.

## Conclusion

The trial court did not abuse its discretion in sentencing Foreman, and his sentence is not inappropriate.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.