**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICK R. RAGAINS**
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STUART WARREN LACY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1107-CR-686 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-1102-FB-249

**March 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Stuart Warren Lacy ("Lacy") pled guilty to Robbery, a Class B felony.[1]  He was sentenced to the maximum of twenty (20) years to be served at the Department of Correction. He now appeals his sentence under the auspices of Appellate Rule 7(B).  We affirm.

**Facts and Procedural History**

On January 22, 2011, Lacy robbed the Old National Bank in Anderson, Indiana by passing a note to the teller indicating he had a gun and asking for money to be placed on the counter.  The teller looked in Lacy's bag and saw what appeared to be a gun.  The teller then gave Lacy $8,000.00.  Camera surveillance footage showed Lacy leaving the bank and getting into a light colored vehicle.

On February 16, 2011, a bank robbery was reported in Middletown, Indiana.  During the investigation of the Middletown robbery, Lacy and his wife were identified as suspects and taken into custody.  Upon questioning by police, Lacy and his wife confessed to the Anderson bank robbery and gave information about the location of items involved in the robbery.  Police executed a search warrant of Lacy's home and located clothing and a bag containing a starter pistol used in the robbery.

On February 18, 2011, the Madison County Prosecutor filed an Information charging Lacy with Robbery as a Class B felony for the armed robbery of the Old National Bank in Anderson.  On June 6, 2011, Lacy pled guilty to Robbery, a Class B felony, without a plea agreement.  A presentence investigation report was filed on June 30, 2011.  On July 6, 2011,

---

[1] Ind. Code § 35-42-5-1(1).

a sentencing hearing was conducted and Lacy was sentenced to twenty (20) years of incarceration. This appeal followed.

**Discussion and Decision**

Lacy contends that his sentence is inappropriate in light of the nature of the offense and his character under Appellate Rule 7(B). Independent appellate review and revision of a sentence is authorized under Article VII, Sections 4 and 6 of the Indiana Constitution. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007).

> Indiana Appellate Rule 7(B) [ ] provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

Id.

Indiana's flexible sentencing scheme allows trial courts to tailor the offender's sentence to the circumstances presented. Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). Therefore, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Id. at 1222. One purpose of appellate review is to attempt to "leaven the outliers." Id. at 1125. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

Lacy was convicted of committing a Class B felony. Sentencing for a Class B felony ranges between six (6) years and twenty (20) years, with an advisory sentence being ten (10)

years. Ind. Code § 35-50-2-7(a). Here, Lacy was sentenced to the statutory maximum term of 20 years.

Regarding the nature of the offense, we may look to any factors appearing in the record. Spitler v. State, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), trans. denied. This was an armed robbery that directly affected multiple victims including the bank teller and other bank employees. Lacy admitted that he planned the bank robbery for several months, and that the robbery was a part of a chain of escalating offenses related to his drug addictions.

With regard to Lacy's character, he has an extensive history of prior convictions and two probation violations related to his admitted drug abuse. Lacy's prior criminal history is significant based on the gravity, nature, number, and proximity of prior offenses as they relate to the current offense. See Wooley v. State, 716 N.E. 2d 919, 929 n.4 (Ind. 1999). He has three Class A misdemeanors: a 1996 battery conviction, a 2006 conviction for Operating While Under the Influence, and a 2010 conviction for Possession of Paraphernalia. He has a total of 17 prior Class D felonies: Possession of Cocaine, Possession of a Controlled Substance, and 15 convictions for Check Fraud and Theft. He was given repeated leniency by the courts including multiple probations, work release and in-home detention. Despite this leniency, he violated his probation on multiple occasions, and was on probation for offenses in Hamilton and Madison Counties when the instant offense occurred. Lacy also admitted the Middletown robbery case was still pending in Henry County when he was sentenced for the Anderson robbery. His past criminal history is directly relevant to the current offense, as his crimes escalated from check fraud and theft to armed bank robbery in

4

order to support his drug addictions.

Lacy asks us to take notice that his plea of guilty was entered without benefit of a plea agreement. While he cooperated with police, admitting to his crime and informing police where evidence could be found, he did not do so until after he had been detained as a suspect in another bank robbery. His confession seems more pragmatic in light of the apparently strong evidence linking him to both robberies, including video surveillance tapes that were used by witnesses to identify Lacy and the car used in both robberies. The identified car was registered to Lacy and found in front of his apartment when police went to his residence to execute arrest warrants for two other probation violations and to detain both Lacy and his wife for questioning regarding the robberies. Where generally a plea should be considered by a court as a mitigator in imposing a sentence, when the decision to plead guilty is based upon pragmatic considerations, little or no weight need be given to this factor. Cf. Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (stating that "a guilty plea does not rise to the level of significant mitigation . . . where the evidence against him is such that the decision to plead guilty is merely a pragmatic one"), trans. denied.

Thus, we cannot conclude that Lacy's twenty-year sentence was inappropriate in light of the nature of his offense and his character.

Affirmed.

BAKER, J., and DARDEN, J., concur.

5