**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 24 2013, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WANDA STRICKLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )     No. 48A04-1208-CR-408 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll
Cause No. 48C06-1112-FC-2344

April 24, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Wanda Strickler challenges her five-year sentence for Class C felony trafficking with an inmate.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 17, 2011, Strickler arrived at the Pendleton Correctional Industrial Facility, where she had worked for over ten years.  As a condition of her employment, Strickler agreed to be searched as she entered and exited the facility.  While undergoing this routine search, the metal-detecting wand indicated the presence of metal in Strickler's groin area.  When asked why this might have happened, Strickler indicated her feminine hygiene product might have alerted the metal-detecting wand.

Two officers accompanied Strickler to the restroom, and Strickler removed her underwear, with the feminine hygiene product attached.  Officer Penny Winfrey ran the metal-detecting wand over Strickler's displaced underwear, and the wand did not indicate the presence of metal.  However, when Officer Winfrey placed the wand near Strickler's groin area, it indicated the presence of metal.  Strickler contended she was not concealing a metal item and consented to a strip search.

As Major Cathy Elliott prepared to strip search Strickler, she noticed Strickler standing at the toilet "the way a man goes to the bathroom."  (Tr. at 288.)  Major Elliott approached Strickler, and Strickler threw an object into the toilet and flushed the toilet.  Major Elliott reached into the toilet and retrieved what was later determined to be a flip-style

---

[1]  Ind. Code § 35-44-3-9 (2009); the statute has since been recodified as Ind. Code 35-44.1-3-5 effective July 1, 2012.

2

cell phone with the charger duct-taped to the back of it. Strickler admitted she was attempting to smuggle the phone into an inmate, but would not give the inmate's name.

The State charged Strickler with Class C felony trafficking to an inmate and, after a jury trial, she was found guilty as charged. The trial court sentenced Strickler to five years incarcerated.

## DISCUSSION AND DECISION

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence, *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007), because the Legislature selected the advisory sentence as appropriate for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). The advisory sentence for a Class C felony is four years, with a sentencing range of two to eight years. Ind. Code § 35-50-2-6(a).

The trial court sentenced Strickler to five years incarcerated because her commission of the crime displayed a "betrayal of trust, the betrayal of the employment relationship [with

3

the Indiana Department of Correction]" (Tr. at 488) by smuggling a cell phone into the prison to give to an inmate. *See* Ind. Code 35-38-1-7.1(a)(11) ("In determining what sentence to impose for a crime, the court may consider the following aggravating circumstances: . . . (11) The person: (A) committed trafficking with an inmate under IC 35-44.1-3-5; and (B) is an employee of the penal facility."). Pendleton Correctional Facility Superintendent Keith Butts testified "most every drug deal, escape plot and other illegal activity is orchestrated by illegal cell phone use." (Tr. at 476.) He also testified Strickler put her co-workers in danger because cell phones are a "constant source of violence" at the prison. (*Id.*) When she realized she was caught, Strickler attempted to conceal her crime and destroy the evidence by flushing the phone down the toilet. Based on the nature of the offense, we cannot hold Strickler's sentence inappropriate.

Absence of criminal history reflects positively on a defendant's character. *Spitler v. State*, 908 N.E.2d 694, 697 (Ind. Ct. App. 2009). Strickler does not have a criminal history, and the trial court noted that was "one of the most valuable things [a] person can bring to a sentencing hearing[.]" (Tr. at 488.) On the other hand, the trial court noted Strickler attempted, throughout the trial, to place the blame for her actions on others.

While Strickler has some positive character attributes, in light of the unique nature of her offense, coupled with the fact she knew the possible danger caused by an inmate's possession of a cell phone, we cannot say her sentence was inappropriate. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.