**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ANDREW ADAMS**
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 14 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MILES A. PARKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1204-CR-151 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Maria D. Granger, Judge
Cause No. 22D03-1001-FB-214

**December 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Miles A. Parker appeals the sentence imposed in connection with his convictions for three counts of burglary,[1] each as a Class B felony, two counts of attempted burglary,[2] each as a Class B felony, and one count of burglary[3] as a Class C felony. On appeal, Parker contends that his twenty-year aggregate sentence is inappropriate in light of the nature of the offenses and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY[4]

Between December 23, 2009 and December 29, 2009, Parker, who was twenty years old at the time, drove two juveniles throughout Floyd County, Indiana, to engage in the burglary of or attempted burglary of a shed and six residences.[5] Included among the items stolen were firearms, a flat-screen television, jewelry, a camera, iTunes gift cards, Christmas presents, and musical instruments. Parker and the two juveniles divided the stolen items among the three of them. *Appellant's App. B* at 18-19.

After the burglaries, one of the victims contacted the issuer of the now-stolen iTunes gift cards and learned that they were registered in Parker's name. *Id*. at 17. Floyd

---

[1] *See* Ind. Code § 35-43-2-1.

[2] *See* Ind. Code § 35-41-5-1; Ind. Code § 35-43-2-1.

[3] *See* Ind. Code § 35-43-2-1.

[4] We remind defense counsel of Appellate Rule 46(A)(6); a rule that requires an appellant's brief to have a statement of facts section that contains only relevant facts "stated in accordance with the standard of review appropriate to the judgment or order being appealed." "In a criminal appeal, the State is entitled to the most favorable interpretation of the evidence and all inferences reasonably received therefrom." *Payne v. State*, 687 N.E.2d 252, 254 (Ind. Ct. App. 1997). We note that, by setting forth as fact that Parker's participation in these crimes was "forced," a contention argued at trial but not a fact found by the trial court, defense counsel has failed to comply with Appellate Rule 46(A)(6).

[5] Defense counsel has not provided a copy of the trial transcript; therefore, like the State, we use the facts recited in the probable cause affidavit and as adduced at Parker's sentencing hearing.

County police investigated Parker, and thereafter, investigated the two juveniles. During a consensual search of Parker's bedroom, police found items that had been stolen during the burglaries. *Id*. at 18.

On January 27, 2010, the State charged Parker with twelve felony counts relating to these crimes. A jury trial was held in January 2012, after which Parker was found guilty of the following ten counts—three counts of Class B felony burglary, two counts of Class B felony attempted burglary, one count of Class C felony burglary, and four counts of Class D felony theft, which related to four of the burglary counts. Prior to sentencing, the trial court merged the four theft convictions into their corresponding burglary convictions and vacated the theft convictions due to double jeopardy concerns.

During a March 5, 2012 sentencing hearing, the trial court considered the following factors. First, the trial court noted Parker's criminal history. In 2008, Parker was convicted of four counts of conversion, each as a Class A misdemeanor, but two counts of which were originally charged as felonies and reduced to misdemeanors at sentencing. *Appellant's App*. *B* at 5-6. While no juvenile history was found, Parker admitted to having served six months on probation for shoplifting as a juvenile. *Tr*. at 32, 34. At sentencing, the State introduced evidence of uncharged criminal conduct by Parker; namely, that in the same month as the instant crimes, Parker and another individual attempted to break into thirty to forty cars parked in various apartment complexes. *Id*. at 23-25. Although Parker stole property from at least one of those cars, he was not charged with any crime; instead, he became a confidential informant. *Id*. at 24-27, 30.

3

The trial court identified as an aggravating factor that multiple victims' homes were targeted around Christmas, and the homes were targeted during the early morning hours. *Id*. at 76-77. The trial court found that Parker was "familiar and knowledgeable about the [targeted] areas." *Id*. at 77. The court also found as aggravating factors that Parker committed the crimes in the presence of the two juveniles, that his criminal history had "escalated" from shoplifting and misdemeanor conversion to multiple residential burglaries, that the uncharged car break-ins were "similar" in nature to the burglaries, and that Parker's criminal history deserved "significant weight." *Id*. at 77-78.

The court gave mitigating weight to Parker's actions in alerting detectives to the location of stolen items and thus assisting in the making of restitution, and gave moderate mitigating weight to the remorse Parker showed. *Id.* at 78-79. However, the trial court specifically rejected Parker's age and his mental health as mitigating factors, and found that Parker's role in the burglaries compared to the two juveniles did not deserve any mitigating weight because he was not only the driver but was also "the one who knew where to go." *Id*. at 78-79.

The trial court sentenced Parker as follows: on Count 3, Class B felony attempted burglary, to 2190 days ("six years") with 730 days ("two years") suspended; on Count 4, Class B felony burglary, to six years with two years suspended; on Count 6, Class B felony attempted burglary, to six years with two years suspended; on Count 7, Class B felony burglary, to six years with two years suspended; on Count 9, Class B felony burglary, to six years with no time suspended; and on Count 11, Class C felony burglary, to two years with no time suspended. *Appellant's App. A* at 17-18. The trial court

4

ordered the sentences on Counts 3 and 4 to be served concurrently, and the sentences on Counts 6 and 7 to be served concurrently. *Id*. But those pairings and the sentences on the remaining counts were ordered to be served consecutively, for an aggregate sentence of twenty years, with sixteen years executed and four years suspended to probation. *Id*. Parker now appeals his sentence.

## DISCUSSION AND DECISION

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Here, the trial court imposed a sentence of twenty years for five Class B felony convictions and one Class C felony conviction, of which four years were suspended. While not strictly a claim under Appellate Rule 7(B), Parker first contends that his twenty-year sentence is inappropriate because Counts 6, 7, 9, and 11, the crimes committed on December 29, 2009, were an "episode of criminal conduct," and as such should have been ordered to be served concurrently. We disagree.

Indiana Code section 35-50-1-2(b) defines the term "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." This section does not apply, however, because "crimes of violence," like burglary as a Class B felony, are not covered by this section. Ind. Code § 35-50-1-2(a)(13). Notwithstanding its inapplicability, even if this statute were to apply to the instant case, it would have no impact on Parker's sentence. Indiana Code section 35-50-1-2(c) restricts a trial court's discretion in sentencing so that

> the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 [habitual offenders] and IC 35-50-2-10 [habitual substance offenders], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Here, a Class A felony is one class higher than the most serious felony for which Parker was convicted. The advisory sentence for a Class A felony is thirty years. Ind. Code § 35-50-2-4. Parker's entire sentence for five Class B felonies and one Class C felony was twenty years. Parker's sentence does not violate Indiana Code section 35-50-1-2; therefore, that section provides no support for Parker's claim that his sentence is inappropriate.

Parker maintains that his sentence is inappropriate in light of the nature of the offenses because this was not the worst example of such offenses, *e.g.*, no victim was seriously harmed or threatened during the commission of the crimes. Additionally, as the driver and not the person entering the building, Parker argues that his involvement was of a lesser nature. We disagree. Parker participated in residential burglaries and attempted

6

burglaries that targeted no fewer than six victims on two separate days during the holiday season when he knew homes would contain presents. The fact that no one was injured goes less to the nature of the offenses and more to the fact that Parker and the juveniles were lucky. Furthermore, Parker was no less involved than his partners in crime because he was the one who knew which homes to target and drove the two juveniles to the various locations to commit the crimes.

"Regarding the nature of the offense, the advisory sentence is the starting point our legislature has selected as an appropriate sentence for the crime committed." *Richardson v. State,* 906 N.E.2d 241, 247 (Ind. Ct. App. 2009). The sentencing range for a Class B felony is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. The sentencing range for a Class C felony is between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. Here, the trial court imposed twenty years; the same sentence that would have been imposed if the trial court had sentenced Parker to the advisory term for one Class B felony on each of the two days on which crimes were committee and ordered those sentences to run consecutively. Parker has failed to persuade us that his sentence is inappropriate in light of the nature of his offenses.

Parker next contends that his sentence was inappropriate in light of the character of the offender. Parker continues to argue that he did not commit the crimes willingly. The jury discounted this argument when it found Parker guilty of ten felonies. During sentencing the trial court found that Parker's criminal history has escalated from shoplifting and misdemeanor conversion to multiple residential burglaries, that the

uncharged car break-ins were "similar" in nature to the burglaries, and that Parker's criminal history deserved "significant weight" *Id*. at 77-78. Parker has also failed to persuade us that his sentence is inappropriate in light of his character.

Affirmed.

NAJAM, J., and MAY, J., concur.