Francisco Onan DELAO, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A05–1003–CR–182.

Court of Appeals of Indiana.

Jan. 10, 2011.

Transfer Denied April 7, 2011.

Kenneth R. Martin, Goshen, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Following a jury trial, Francisco Onan Delao ("Delao") appeals his four convictions for dealing in cocaine,[1] each a Class A felony. Delao raises two issues that we restate as:

I. Whether the trial court erred when it admitted into evidence audio recordings of the drug transactions; and

II. Whether Delao's sentence was inappropriate in light of the nature of the offenses and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2007, an individual acting as a cooperating source ("CS")[2] contacted Elkhart County Sheriff's Department Undercover Officer 193 ("Officer 193"), who was with the department's Interdiction and Covert Enforcement Unit ("ICE Unit"), and told Officer 193 that he was familiar with someone "who was dealing cocaine." Tr. at 48. With the cooperation and participation of CS, Delao sold cocaine to Officer 193 on four occasions in September and October 2007. Specifically, on September 7, Officer 193 and CS went to Delao's residence for a pre-arranged meeting. Delao handed Officer 193 a baggie of fourteen grams of cocaine, and Officer 193 paid Delao $400. Four days later, on September 11, Officer 193 and CS drove to Delao's place of employment in Officer 193's undercover vehicle and parked the vehicle in the parking lot. Delao approached the passenger side, where CS sat, and leaned into the car. Delao handed the package of fourteen grams of cocaine to CS, who handed it to Officer 193. Officer 193 then removed $400 from his person and handed the money to Delao. Thereafter, on September 25, Officer 193 drove with CS to a parking lot behind a retail store. Delao approached Officer 193's vehicle and handed Officer 193 a baggie of fourteen grams of cocaine through the window, and Officer 193 handed Delao $400. The fourth transaction occurred on Octo-

---

1. *See* Ind.Code § 35–48–4–1(a)(1)(C), (b)(1).

2. A CS is someone who agrees to assist law enforcement with covert investigations, for instance by arranging and participating in drug transactions.

ber 1, when Officer 193 and CS returned in Officer 193's unmarked vehicle to Delao's place of employment and parked in the lot. Delao approached the vehicle and handed Officer 193 a baggie of cocaine, and Officer 193 handed Delao $400. However, because Officer 193 advised Delao that it appeared the cocaine was less than the agreed-upon fourteen grams, Delao went to a vehicle and returned to Officer 193, handing him a baggie with an additional small amount of cocaine.

Each transaction was audio-recorded. Subsequent laboratory testing confirmed that the substance Delao provided to Officer 193 was, in fact, cocaine and revealed that the amounts of the four sales ranged between 11.92 and 14.88 grams each. The State charged Delao with four counts of Class A felony dealing in cocaine in an amount over three grams.

At the beginning of trial, the trial court explained to counsel for both parties that, because of logistics and courtroom equipment, bench conferences would not be recorded, and the court advised counsel that they would need to inform the court if they desired those to be "on the record." *Tr.* at 9. During the State's case-in-chief, the State moved to admit the four audio recordings of the transactions. The September 7, 2007 audio recording was admitted without objection. The State also moved and was granted permission to publish to the jury the audio recording, and a translator in the courtroom translated portions of the conversation that were spoken in Spanish. Thereafter, Delao objected during unrecorded sidebar conferences to the admission of the audio recordings of the second, third, and fourth transactions. The trial court overruled the objections and admitted the recordings into evidence.

The audio recordings were played for the jury, and the translator again translated those portions that were in Spanish.

Ultimately, the jury convicted Delao as charged, with four Class A felonies of dealing in cocaine, and, the trial court imposed a forty-two year sentence for each conviction, ordering the sentences to be served concurrently.[3] Delao now appeals.

## DISCUSSION AND DECISION

### I. Admission of Audio Recordings

■■■ Delao argues that the trial court erred by admitting the audio recordings of the four drug transactions. We review the admission of evidence for an abuse of the trial court's discretion. *Williams v. State,* 891 N.E.2d 621, 629 (Ind.Ct.App.2008); *Newman v. State,* 751 N.E.2d 265, 270 (Ind.Ct.App.2001), *trans. denied.* An abuse of discretion occurs only if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Williams,* 891 N.E.2d at 629. If a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if the error is inconsistent with substantial justice or if a substantial right of the party is affected. *Lehman v. State,* 926 N.E.2d 35, 37 (Ind. Ct.App.2010), *trans. denied.*

Here, the audio recording of the first transaction, September 7, 2007, was admitted into evidence without objection. It was also published to the jury without objection, and a Spanish translator, previously agreed-upon by the parties, translated those portions of the audio recording that were in Spanish. By failing to object, Delao has waived any claimed error as to the admission of the recording of the Sep-

---

**3.** The trial court also ordered that Delao's sentence be served consecutively to the sen-
tence imposed in another case.

tember 7, 2007 drug transaction. *Brown v. State*, 929 N.E.2d 204, 206 (Ind.2010) (contemporaneous objection at time evidence is introduced at trial is required to preserve issue for appeal).

Although Delao challenged the admission of the audio recordings of the second, third, and fourth drug transactions, he did so at sidebar conferences, which the trial court previously had explained would not be recorded. Prior to trial, the judge stated,

> All right. If we need to have a recorded bench conference, you're going to have to let me know. Because of the logistics here and the proximity of the jury, it's very difficult to have a bench conference and get it recorded due to the equipment that we have. So we may need to take a recess, get the jury out, or make other arrangements. So if you want something like that on the record, let me know. Fair enough?

*Tr.* at 9. Both parties confirmed their understanding and agreement.

Nevertheless, as the State offered the second, third, and fourth audio recordings into evidence, counsel for Delao did not pose an objection, but rather requested permission to approach the trial bench, which was granted; the objection or challenge then was made and argued at the bench during conversations that were not recorded. *Tr.* at 76, 87, and 99. Following the off-the-record discussion, the trial court stated that "It would appear that the objection was on the grounds of relevancy." *Id.* at 76; *see also id.* at 87 ("There has been an objection to Exhibit 11 on the grounds of relevance."), 99 ("The defendant's objection was on the grounds of relevancy[.]"). Although the record does not include Delao's actual objection or argument in support thereof, Delao now asks us to accept that "it was defense counsel's contention that key parts of the record-

ings, and the translation of same for the jury, were of sufficiently poor quality so as to be confusing and misleading to the jury." *Appellant's Br.* at 9. We must decline Delao's offer to speculate now about what the specific basis of his objections may have been.

■ "On appeal, the appellant carries the burden of presenting a record for sustaining his argument." *House v. State*, 535 N.E.2d 103, 109 (Ind.1989) (objection made during unrecorded sidebar conference was not preserved and defendant should have corrected any deficiency in record according to appellate rule allowing for reconstruction of alleged missing portions of transcript). In this case, Delao has failed to present a sufficient record for our review and, accordingly, has waived any error in the admission of the audio recordings of the cocaine transactions occurring on September 11, September 25, and October 1, 2007.

## II. Sentencing

■ For each of the four Class A felony convictions, the trial court sentenced Delao to the advisory thirty-year term, enhanced by twelve years, for a total of forty-two years, ordering the sentences to run concurrently. Delao argues that his sentence was inappropriate and asks us to revise it to "only slightly above the advisory sentence, such as thirty-five (35) years." *Appellant's Br.* at 14. "This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind.Ct.App.2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied.* "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still

must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062–63 (Ind.Ct.App.2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind.Ct.App.2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id.*

The sentencing range for a Class A felony is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35–50–2–4. Here, for each conviction, the trial court sentenced Delao to the advisory thirty year term, enhanced by twelve years, resulting in four forty-two-year terms, to be served concurrently. Delao argues that his sentence does not accurately reflect the nature of the offenses or the character of the offender.

Regarding the nature of the offenses, Delao sold approximately fourteen grams of cocaine to Officer 193 on four separate occasions in the span of less than a month; each of those sales was, individually, more than four times the amount required to elevate the offense of dealing in cocaine to a Class A felony. Ind.Code § 35–48–4–1(b)(1). For context, as Officer 193 explained, three and one-half grams, often referred to as an "eight ball," is generally "at the higher end of personal use." *Tr.* at 38–39. Delao possessed and sold, over the course of the month, approximately fifty-two grams of cocaine to this single buyer. His offenses involved significant amounts of drugs, and he committed multiple felonies.

4. Although a trial court cannot treat a defendant more harshly than any other citizen solely due to the defendant's alien status, the trial court is not required to close it eyes to the defendant's illegal alien status and disregard for the law, including immigration laws.

 As for Delao's character, he has a criminal history consisting of two felonies, at least seven misdemeanors, and several violations of probation. In addition, Delao illegally entered this country,[4] and although he was employed from 2003 to 2008, he had invalid (and multiple) social security numbers, which he could have obtained only through fraudulent means. Delao has not been leading a law-abiding life while in this country.

Delao has not persuaded us that his forty-two-year sentence is inappropriate in light of his offenses and his character.

We affirm.

RILEY, J., and BAILEY, J., concur.

*Sanchez v. State*, 891 N.E.2d 174, 176 (Ind.Ct. App.2008) (where trial court found defendant's status as illegal immigrant to be an aggravating circumstance) (quotation omitted).