**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 17 2013, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TERI A. FLORY**
Flory and Smith, Attorneys at Law
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER D. BUNCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1303-CR-227 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1108-FA-18

**December 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Christopher D. Bunch ("Bunch") pleaded guilty to five counts of child molesting,[1] each as a Class A felony, and was sentenced to forty years on each count with two counts to run consecutively to each other and the rest to run concurrently, for a total of eighty years executed. He appeals, raising several issues, which we consolidate and restate as:

I. Whether the trial court abused its discretion in sentencing Bunch because it found several improper aggravating circumstances; and

II. Whether Bunch's sentence was inappropriate in light of the nature of the offense and the character of the defendant.

We affirm.

## FACTS AND PROCEDURAL HISTORY

At all times relevant to this case, Bunch was over the age of twenty-one. Prior to July 2011, T.W. and her mother lived with Bunch in his trailer located in West Lafayette, Indiana. Another woman and her children also lived in the trailer. During that time, T.W.'s mother took the other woman to work twice a week and left T.W. and the other woman's children alone with Bunch.

On July 26, 2011, the Tippecanoe County Sheriff's Department received a complaint of possible child pornography at Bunch's residence. After speaking with Bunch's female roommate, the police obtained a search warrant. When they executed the search warrant, the police discovered over 37,000 images and over 1,000 videos of child pornography, which dated back to floppy disks from September 1999. The child pornography was found on CDs, hard drives, flash drives, and external hard drives, in

---

[1] *See* Ind. Code § 35-42-4-3.

2

addition to the floppy disks and consisted of both commercial and homemade child pornography. The homemade child pornography contained images of T.W., who was between the ages of seven and nine when the images were taken, and also images of a twelve-year-old girl.

The State charged Bunch with five counts of Class A felony child molesting. The day before his jury trial, Bunch pleaded guilty as charged to all five counts of molesting T.W. He admitted that on, March 25, 2009, when T.W. was seven years old, he put his penis in T.W.'s vagina. *Tr*. at 16-17. He admitted that, on July 2, 2009, he inserted his fingers into T.W.'s anus; she was eight years old at the time. *Id*. at 17. He also admitted that, on July 23, 2009, he inserted his fingers into T.W.'s vagina; she was again eight years old at the time. *Id*. at 17-18. He further admitted that, on February 6, 2010, when T.W. was still eight years old, he put his penis into her mouth. *Id*. at 18. Finally, he admitted that, on June 12, 2010, when T.W. was nine years old, he inserted a spoon into her anus. *Id*. at 18-19.

At the sentencing hearing, the trial court listed aggravating and mitigating factors. It found the following to be aggravating factors: (1) T.W.'s age and sexual immaturity; (2) Bunch committed a statutory crime of violence; (3) Bunch committed one or more of the offenses in the presence of or within earshot of other children; (4) Bunch was in the position of having care, custody, or control of T.W.; (5) the seriousness of the offenses, including that there were multiple offenses, Bunch videotaped the offenses and showed the victim photographs of the offenses, and Bunch's "massive" pornography collection; and (6) the lengthy period of time over which the crimes occurred. *Appellant's App*. At 72-73; *Tr*. at

3

56-58. The trial court found the following as mitigating factors: (1) Bunch had no criminal record; (2) Bunch's mental illness; (3) his family support; and (4) his guilty plea and taking responsibility for his crimes, although the guilty plea was undermined by its tardiness. *Appellant's App*. at 73; *Tr.* at 58-59. Finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Bunch to forty years on each count, with Count IV to run consecutively to Count I and the rest to run concurrently with Count I for an aggregate sentence of eighty years executed. Bunch now appeals.

## DISCUSSION AND DECISION

### I. Abuse of Discretion

Bunch argues that the trial court abused its discretion in finding several of the aggravating circumstances that it used in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. One way a trial court may abuse its discretion is by entering a sentencing statement that relies on an aggravator that is improper as a matter of law. *Id.* at 490-91.

Initially, we note that Bunch concedes that the trial court properly found as aggravating circumstances that his offenses were a crime of violence pursuant to statute and that the crime occurred while there were other children within earshot, and he makes

4

no argument regarding the lengthy period of time over which the offenses occurred as constituting an aggravating factor. A sentence enhancement may still be upheld when a trial court improperly applies an aggravator but other valid aggravators exist. *Kien v. State*, 782 N.E.2d 398, 411 (Ind. Ct. App. 2003), *trans. denied*. Therefore, these conceded aggravators alone could justify Bunch's sentence; however, we will reach each of Bunch's contentions in turn.

Bunch first argues that the trial court abused its discretion when it found the age of the victim to be an aggravating factor because he contends that age is already an element of the offense and no particularized individual circumstances were found by the trial court. When a victim's age is a material element of the crime, it may not also support an enhanced sentence. *Edrington v. State*, 909 N.E.2d 1093, 1097 (Ind. Ct. App. 2009), *trans. denied*. Bunch is correct that the age of the victim is an element of the offense of child molesting as he was charged under Indiana Code section 35-42-4-3(a), which applies to victims under fourteen years of age. In some instances, however, the "tender age" of a victim in a child molesting case may be considered an aggravating factor as a particularized circumstance of the crime. *Edrington*, 909 N.E.2d at 1097.

Here, during the sentencing hearing, the trial court found that the age of the victim, which was between seven and nine years old at the time of the offenses, was an aggravating factor. The trial court further stated that the victim was less than twelve years old and sexually immature. *Appellant's App*. at 72; *Tr*. at 57. Indiana Code section 35-50-1-7.1(a)(3) states that the trial court may consider that the victim of the offense was less than twelve years of age at the time the offense was committed as an aggravating circumstance.

The trial court also noted that the victim was "so vulnerable." *Tr.* at 56. We conclude that the trial court did not err in considering T.W.'s age as an aggravating circumstance.

Bunch next contends that it was error for the trial court to find that the victim was in his care and custody as an aggravating factor because no evidence was presented to show that he was babysitting the victim or that the victim's mother was not present when the offenses occurred. "The position of trust aggravator is frequently cited by sentencing courts where an adult has committed an offense against a minor and there is at least an inference of the adult's authority over the minor." *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007). "It applies in cases where the defendant has a more than casual relationship with the victim and has abused the trust resulting from that relationship." *Id.* Generally, cohabitation arrangements of nearly any character between adults establish a position of trust between the adults and minors living or staying together. *Id.*

Here, evidence was presented that T.W. and her mother lived with Bunch in his home. *Tr.* at 32. Additionally, twice a week, T.W.'s mother drove another woman to work and left T.W. with Bunch unsupervised by any other adult. This evidence supports an inference that Bunch was in a position of trust over T.W., and the trial court did not err in finding Bunch's violation of his position of trust as an aggravating circumstance.

Bunch lastly argues that the trial court abused its discretion in finding the seriousness of the crime as an aggravating factor because the reasoning given was that there were multiple offenses, which was a material element of the offenses to which he pleaded guilty, and that he videotaped the offenses and had a massive pornography collection, which were material elements of the federal offense of which he was convicted. A trial

6

court may not use a material element of the offense as an aggravating circumstance. *Caraway v. State*, 959 N.E.2d 847, 850 (Ind. Ct. App. 2011), *trans. denied.* But, it may use the nature and circumstances of the offenses to be an aggravating circumstance, if the trial court details why an enhanced sentence is deserved under the particular circumstances. *Id.*

In the present case, the trial court found as aggravating "the seriousness of the crime . . . and that there were multiple offenses, the videotaping, showing the . . . pictures to the victim, and . . . having a massive pornography collection." *Tr.* at 58; *see also Appellant's App.* at 73. Bunch is correct in that the evidence presented concerning the molestations was the same evidence that supported the elements of the offenses to which he pleaded guilty. However, there was also evidence presented to show that Bunch had a very large collection of child pornography, including over 37,000 images and over 1,000 videos, which was found on floppy disks, CDs, hard drives, flash drives, and external hard drives. Included in this collection were images and videos of the offenses for which Bunch was convicted. Evidence was also presented that Bunch later showed these images and videos to T.W. This aggravator was therefore primarily based on the evidence of Bunch's large pornography collection and the fact that he videotaped and took pictures of his offenses, later showing them to the victim. We conclude that it was not error for the trial court to find the severity of the offense as an aggravating factor. The trial court therefore did not abuse its discretion in its finding of aggravating circumstances.

## II. Inappropriate Sentence

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Delao v. State*, 940 N.E.2d 849, 853 (Ind. Ct. App. 2011) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be extremely deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Bunch argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Specifically, he contends that his sentence is inappropriate because he had no criminal history, he pleaded guilty, and he was not in a relationship with the victim's mother, nor was he in a position of trust as a parental figure to T.W. Bunch further claims that his sentence should be revised because there is no indication that "incidents involved in the instant matter are any more severe than that contemplated by the legislature in determining an appropriate advisory sentence" for his offenses and no indication that force or threats were involved. *Appellant's Br*. at 16.

As to the nature of the offense, the offenses at issue involve the repeated molestation of the victim over the span of two years. During this time, the victim was only between the ages of seven and nine years old. T.W. and her mother lived in Bunch's house, along

8

with another woman and her children. T.W.'s mother would leave T.W. alone with Bunch while she drove the other woman to work. Over this two-year period, in the presence of other children, Bunch molested T.W. by putting his penis in her vagina, inserting his fingers into her anus and into her vagina, putting his penis into her mouth, and inserting a spoon into her anus. He took photographs and videotaped these offenses and then later showed the images to T.W. We do not believe that Bunch's sentence was inappropriate in light of the nature of the offenses.

As to his character, although Bunch did not have a criminal record prior to these offenses, the evidence showed that he was not leading a law-abiding life. The collection of child pornography found at his home dated back to a floppy disk from September 1999. Further, although Bunch pleaded guilty, he waited until the day before his jury trial was to begin to do so. As there was very strong evidence against him in that he had taken photographs or videos of the offenses, this decision to plead guilty may have been more of a pragmatic decision than a desire to accept responsibility. We, therefore, conclude that Bunch's sentence was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

ROBB, C.J., and RILEY, J., concur.