## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2016, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa M. Morehouse, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | November 7, 2016 <br><br> Court of Appeals Case No. 79A02-1604-CR-868 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1508-F3-11 |

**Kirsch, Judge.**

[1] After Lisa M. Morehouse ("Morehouse") pleaded guilty to Level 5 felony criminal confinement resulting in bodily injury, Level 6 felony criminal

recklessness while armed with a deadly weapon, and Level 6 felony strangulation, the trial court sentenced her to an aggregate term of seven years, with six years executed in the Indiana Department of Correction ("DOC") and one year suspended to supervised probation. Morehouse appeals, asserting that her sentence is inappropriate.

[2] We affirm.

## Facts and Procedural History

[3] On August 20, 2015, Morehouse was an inmate at Tippecanoe County Jail ("the Jail"), and at that time, L.M. ("Nurse") was a correctional nurse at the Jail. Nurse was distributing medication to inmates, and when she opened the door to Morehouse's cell, Morehouse threw a cup of water in Nurse's face, put her left arm around Nurse's neck, placing her in a headlock, and held a pencil to the right side of Nurse's neck. *Tr.* at 11-12; *Appellant's App.* at 11. Nurse felt pain, had trouble breathing, and felt in fear for her life. Correctional officers who were nearby heard Nurse yell for help, and they saw the incident and intervened. Nurse experienced pain from the incident, and thereafter, she sought a medical evaluation. Redness and abrasions to Morehouse's neck and head were noted, and Morehouse was diagnosed with "thoracic strain and cervical pain." *Appellant's App.* at 11.

[4] On August 26, 2015, the State charged Morehouse with: Count I, criminal confinement while armed with a deadly weapon as a Level 3 felony for confining Nurse while holding a pencil close to her neck; Count II, criminal

recklessness while armed with a deadly weapon as a Level 6 felony; Count III, strangulation as a Level 6 felony; Count IV, battery resulting in bodily injury as a Class A misdemeanor; and Count V, being an habitual offender. *Id.* at 6-10.

[5] In March 2016, Morehouse and the State entered into a negotiated plea agreement wherein Morehouse pleaded guilty but mentally ill to an amended Count I, in which the criminal confinement charge was reduced from a Level 3 to a Level 5 felony. *Id.* at 35-36. She also pleaded guilty but mentally ill to Counts II and III, and the State dismissed the remaining charges, battery and being an habitual offender. *Id.*

[6] At the sentencing hearing, Nurse testified and described that she was "traumatized" by the incident with Morehouse on August 20 and that she feared for her life that day. *Tr.* at 12. Nurse expressed that she now lives in "constant fear," has "trouble trusting people," and experiences flashbacks to being strangled and unable to breathe. *Id.* at 13. Morehouse made a statement at sentencing, apologizing to Nurse and expressing remorse for her actions that day. Morehouse also stated that she needed mental treatment and asked the trial court "not to [] put me away in prison where I won't get help[.]" *Id.* at 15.

[7] Counsel for both parties presented argument to the trial court regarding sentencing. Morehouse's attorney asked the trial court to recognize that Morehouse has "a long history of mental illness," which "played a substantial role in the events that occurred that day," and he further observed that Morehouse also "struggle[s] with substance abuse addiction," noting that, over

the past five years or so, Morehouse went through periods of relative stability to "chaotic instability," including the time in question. *Id.* at 16. The State recognized Morehouse's mental illness, but maintained that guilty but mentally ill "is not an excuse and [] not necessarily a mitigating circumstance," but rather, "if she went into [DOC], [it] might get her treatment for mental illness."[1] *Id.* at 21. The State reminded the trial court that Morehouse committed this offense while she was incarcerated in connection with another offense and that she has a criminal history that includes five convictions of battery on police officers. *Id.*

[8] At the sentencing hearing, the trial court discussed the existence of various aggravators, including "significant" misdemeanor and felony convictions, violations of probation, violations of pre-trial release, and violations of community corrections. *Id.* at 28. The trial court stated to Morehouse, "You are a danger to others and, specifically[,] to law enforcement. You fight with them and you get physical with them. You place them in danger." *Id.* With regard to Morehouse's mental illness, the trial court observed, "I do recognize that people do suffer from mental illness and it's a serious, serious issue with you. But you've got to be willing to get help and you've got to be willing to deal with it and stay on top of it every day of your life." *Id.* at 29-30.

---

[1] While a defendant who is guilty but mentally ill is sentenced "in the same manner as a defendant found guilty of the offense," Indiana Code section 35-36-2-5(a), such defendant shall, however, "be further evaluated and then treated in such a manner as is psychiatrically indicated for the defendant's mental illness." Ind. Code § 35-36-2-5(c).

[9]     In its written sentencing statement, the trial court identified the following as aggravating factors:

> [T]he offense happened while Defendant was incarcerated; the crimes were committed against a Nurse acting in the capacity of her employment at the Tippecanoe County Jail; the impact the crimes had on the [victim]; the Defendant's extensive criminal history; her violation of probation; her violation of pre-trial release; the repetitive nature of the offenses against Public Safety Officials; and proper attempts at rehabilitation have been unsuccessful.

*Appellant's App.* at 40. The trial court found that Morehouse's mental illness[2] and her expression of remorse were mitigating factors. *Id.*

[10]    The trial court sentenced Morehouse as follows: Count I, six years of incarceration in the DOC; Count II, one year in the DOC, suspended to probation; and Count III, one year in the DOC, suspended to probation. Count II was ordered to be served consecutive to Count I, and Counts II and III were ordered concurrent with each other, for an aggregate sentence of seven years, with one year suspended to probation. *Id.* at 40-41, 44. Morehouse now appeals.

---

[2] The psychological evaluation report of forensic psychologist Jeffrey Wendt, Ph.D. ("Dr. Wendt"), contained in the pre-sentence investigation report, reflected that Morehouse "has a well documented history of severe mental illness" and that she suffers from Bipolar I Disorder, severe with psychotic features, and "[h]er condition is complicated by secondary diagnoses of anxiety disorders and borderline personality traits that are exacerbated by chronic alcohol use and periodic drug abuse." *Appellant's App.* at 100. Dr. Wendt concluded that Morehouse's condition during the time of the offenses was the result of both mental illness and residual effects of voluntary intoxication. *Id.* at 101.

# Discussion and Decision

[11] Morehouse claims that her seven-year sentence is inappropriate, arguing that it was the maximum possible and that she is "not one of the worst of the worst offenders deserving of a maximum sentence," particularly given her history of mental illness and her exhibited remorse for her conduct. *Appellant's Br*. at 6; *Reply Br*. at 5.

[12] "This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Delao v. State*, 940 N.E.2d 849, 853 (Ind. Ct. App. 2011) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. A defendant bears the burden of showing that both prongs of the inquiry favor revision of his or her sentence. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Regarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Id*. at 1081. Morehouse pleaded guilty but mentally ill to Level 5 felony criminal confinement resulting in bodily injury, Level 6 felony criminal

recklessness while armed with a deadly weapon, and Level 6 felony strangulation. *Appellant's App*. 3, 35-38. A Level 5 felony conviction carries a sentence of one to six years, with a three-year advisory sentence. Ind. Code § 35-50-2-6(b). A Level 6 felony conviction carries a sentence of six months to three years with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7(a). Here, the trial court sentenced Morehouse to six years on the convictions for amended Count I and a consecutive one year on the conviction for Count II. The sentence for Count II ran concurrent with the one year sentence on Count III, and the convictions for both Counts II and III were suspended to supervised probation. On appeal, Morehouse claims that the seven-year sentence, which was the maximum possible in this case,[3] was inappropriate.

[14] Concerning the nature of the offense, Morehouse contends that the seven-year sentence, in this case a maximum, was not warranted because "[Morehouse's] actions were not committed with malice or motivated by greed; rather, her actions were likely the product of a mental illness over which Morehouse had no control[,]" and, further, Nurse "suffered only a temporary injury and [] the confinement lasted only a few moments[.]" *Appellant's Br*. at 8-9. With regard to the proposition that Morehouse "had no control" over her mental illness, we disagree. The record reflects that Morehouse had a long and documented

---

[3] The parties agreed that the offenses arose form a single episode of criminal conduct, and because the most serious crime for which Morehouse was sentenced was a Level 5 felony, the total sentence could not exceed seven years under Indiana Code section 35-50-1-2(d)(2). *Tr*. at 23-24, 29.

history of mental illness, requiring psychotropic medications and individual and group therapy, and that she was able to "maintain relative stability when compliant with treatment," but she had a history of at times "inconsistent attendance and participation in treatment." *Appellant's App*. at 101. The record also indicates that her "chronic alcohol use and periodic drug use" also contributed to her conduct in this case. *Id*. at 100. The trial court recognized Morehouse's mental illness, but reminded her, "you've got to be willing to get help and you've got to be willing to deal with it and stay on top of it every day of your life." *Tr*. at 29-30.

[15] With respect to Morehouse's claims regarding the "few moments" of confinement and resulting "temporary" injury, Nurse testified at the sentencing hearing that Morehouse attacked her while she was distributing medications. *Appellant's Br*. at 8-9. Morehouse pushed the door open and grabbed Nurse by the neck, putting her in a headlock and causing her to have trouble breathing. Morehouse also held a pencil to Nurse's neck in a manner indicating she was going to stab Nurse with it. Nurse testified that she feared she was going to die when Morehouse grabbed her by the neck, and she described the continuing negative impact that the incident has had on her daily life, explaining that she is in "constant fear," has an inability to trust people, and experiences flashbacks. *Tr*. at 13. She characterized the impact as "a lifetime sentence" that she must live with. *Id*. The trial court at the sentencing hearing expressed its view regarding the nature of the offense:

> Based on your record and everything else I see here and **the offense that occurred and the seriousness and the way it was carried out**[,] I think you'd be looking at a lot more than seven years. I'd reject this plea agreement, but for the mental illness.

*Id.* at 29 (emphasis added). Morehouse has failed to establish that the nature of the offense supports a revision of her sentence.

[16] Regarding the character of the defendant, Morehouse has a criminal history that includes four convictions for battery on a law enforcement officer, one conviction for battery against a public official, two additional batteries, resisting law enforcement, and at least eight alcohol-related offenses such as public intoxication and operating a motor vehicle while intoxicated; she has faced fifteen petitions to revoke probation. *Tr.* at 27-28; *Appellant's App.* at 58-66. Morehouse committed the current offenses while she was on probation for a prior offense and while being released on bond for another. Her criminal record, spanning over twenty-five years, reveals a disrespect for authority. Morehouse has failed to show that her character favors a revision of her sentence.

[17] On appeal, Morehouse argues that her mental illness and her genuine expressions of remorse render the sentence inappropriate. However, this is effectively an argument that those mitigators – which the trial court expressly recognized – were deserving of more weight, and it is well-settled that "[t]he relative weight given to aggravating and mitigating factors is not subject to review." *Webb v. State*, 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011), *trans.*

*denied*; *see also Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009) (trial court not required to give same weight to proffered mitigators as does defendant).

[18] The question before us is not whether another sentence is more appropriate; instead, the question is whether the sentence imposed is inappropriate. *Marley v. State*, 17 N.E.3d 335, 339 (Ind. Ct. App. 2014), *trans. denied*. We cannot say that the trial court's imposition of an aggregate seven-year sentence, with one year suspended to supervised probation, was inappropriate. *See Hines v. State*, 30 N.E.3d 1216, 1225-26 (Ind. 2015) (defendant's maximum eight-year sentence for Class C felony criminal confinement for attack on correctional officer was not inappropriate).

[19] Affirmed.

May, J., and Crone, J., concur.